# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * *
AMY BISHOP and                           *
JONATHAN TYLER BISHOP, as the            *       No. 12-219V
Parents and Natural Guardians of         *       Special Master Christian J. Moran
R.B., an Infant,                         *
                                         *       Filed: March 14, 2014
                    Petitioners,         *       Reissued as redacted: April 16, 2014
v.                                       *
                                         *       Attorneys' fees and costs; award
SECRETARY OF HEALTH                      *       in the amount to which
AND HUMAN SERVICES,                      *       respondent does not object.
                                         *
                    Respondent.          *
* * * * * * * * * * * * * * * * * * * * * * *
```

Mark T. Sadaka, Englewood, NJ, for Petitioner;
Voris Edward Johnson, U.S. Department of Justice, Washington, D.C., for Respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On March 13, 2014, respondent filed a stipulation of fact concerning final attorney's fees and costs in the above-captioned matter. Previously, petitioners informally submitted a draft application for attorneys' fees and costs to respondent for review. Upon review of petitioner's application, respondent raised objections to certain items. Based on subsequent discussions, petitioners amended their application to request $28,500.00, an amount to which respondent does not object. The Court awards this amount.

On April 4, 2012, Amy Bishop and Jonathan Tyler Bishop filed a petition for compensation, on behalf of their son, R.B., alleging that the diphtheria-tetanus-acellular pertussis ("DTaP") and haemophilus influenza type B ("Hib"), which R.B. received on July 16, 2010, caused him to suffer opsoclonus-myoclonus syndrome ("OMS"). Petitioners received compensation based upon the parties' stipulation. Decision, filed

---

[1]When this decision was originally issued, the parties were notified that the decision would be posted in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). Petitioners were also notified that they could seek redaction pursuant to § 300aa-12(d)(4)(B); Vaccine Rule 18(b). Petitioners made a timely request for redaction and this decision is being reissued with the name of the vacinee redacted to his initials.

Sep. 20, 2013. Because petitioners received compensation, they are entitled to an award of attorneys' fees and costs. 42 U.S.C. § 300aa-15(e).

Petitioners seek a total of **$28,500.00** in attorneys' fees and costs for their counsel. Additionally, in compliance with General Order No. 9, petitioners state that they incurred no out-of-pocket litigation expenses while pursuing this claim. Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

**A lump sum of $28,500.00 in the form of a check made payable to petitioners and petitioners' attorney, Mark T. Sadaka of the law firm of Sadaka Associates LLC, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

The Court thanks the parties for their cooperative efforts in resolving this matter. The Clerk shall enter judgment accordingly.[2]

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.